IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 19-CR-850-1 |
| v. | ) | Honorable Mary R. Rowland |
| | ) | Judge Presiding |
| SHELDON MORALES | ) | |

**SHELDON MORALES'S MOTION *IN LIMINE*
TO STRIKE THE SECOND PARAGRAPH OF COUNT 2**

Now Comes the Defendant, SHELDON MORALES, by and through his attorney, JOSEPH R. LOPEZ, and moves *in limine*, to strike the second paragraph of Count Two in the indictment, and in support thereof, states as follows:

1. In Count 2, paragraph 1 of the indictment, Mr. Morales is charged with attempt to distribute methamphetamine and fentanyl.

2. In paragraph 2, the indictment references Mr. Morales's previous federal conviction from 2011, which was another narcotic trafficking offense.

3. Paragraph 2 should be stricken, and the jury should not be informed of Mr. Morales's previous conviction unless he testifies.

4. This paragraph is a sentencing enhancement, should not be read to the jury, and should be stricken from the indictment.

5. This Court has to determine the type and amount of drugs involved when determining the applicable sentencing range under the guidelines and applicable statutes.

6. Reading this paragraph to the jury is highly prejudicial and will inflame the passion of the jury before the trial starts. Mr. Morales will surely not receive a fair trial should this be read to the jury.

7.  The jury will be instructed to determine the exact amount of methamphetamine and fentanyl which the court must consider in determining the sentence.

8.  This enhanced sentencing triggering event was discussed in *United States v. Ocampo,* 890 F.2d 1363 (7th Cir. 1989). The defendants were faced with an enhanced sentence and requested a special verdict form to determine the quantity of drugs which the court refused. *Ocampo* is a pre *Apprendi* case. The Seventh Circuit held a special verdict form was not required as it was a sentencing factor. Further, the court held that it was an enhanced penalty provision, and its elements need not be charged to the jury.

9.  *Ocampo's* reasoning should apply here and the jury should not consider the previous conviction but only the quantity of narcotics to be proven beyond a reasonable doubt.

10. Paragraph 2 should be stricken from Count 2 of the indictment and the jury should not be informed of the previous conviction.

Respectfully submitted,

*s./Joseph R. Lopez*

Joseph R. Lopez
Attorney No. 6186562
Law Offices of Lopez & Lopez LTD
53 W. Jackson Blvd., Suite 1651
Chicago, IL 60604

## CERTIFICATE OF SERVICE

I, Joseph R. Lopez, an attorney, certify that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the foregoing document was served on July 5, 2022, pursuant to the District Court's system as to ECF filers.

Respectfully submitted,

*s/Joseph R. Lopez*

Joseph R. Lopez
Attorney No. 6186562
Law Office of Lopez & Lopez LTD
53 W. Jackson Blvd., Suite 1651
Chicago, IL 60604
(312) 922-2001