UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHELDON MORALES | Case No. 19 CR 850-1<br><br>Judge Mary M. Rowland |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

Defendant Sheldon Morales has filed a motion to strike the second paragraph of Count Two of the indictment. The parties agree that the motion should be denied as moot. R. 132. The paragraph at issue alleges the following:

> Before SHELDON MORALES committed the offense charged in this count, SHELDON MORALES had a final conviction for a serious drug felony, namely, a conviction in Case No. 11 CR 821 in the United States District Court for the Northern District of Illinois, for possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), for which he served more than 12 months' imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

This allegation concerns a predicate "serious drug felony" conviction that triggers an enhanced statutory minimum of 15 years under 21 U.S.C. § 841(b)(1)(A), and must be found by the jury beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 107–08 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see also United States v. Williams*, 402 F. Supp. 3d 442, 449 n.7 (N.D. Ill. 2019) ("under *Alleyne*, each mandatory-minimum threshold is an element of a crime (not just a sentencing factor),

1

so 21 U.S.C. § 841(b)(1)(A), § 841(b)(1)(B), and § 841(b)(1)(C) are each distinct *crimes*"). The allegation is made in both Counts One and Two of indictment.[1]

The parties have conferred and agree that the trial may be bifurcated such that the jury will not be asked to make a finding on this predicate serious drug felony conviction until they make a determination of guilt or innocence on the underlying offenses in Counts One and Two. Therefore, the jury will not hear evidence of the defendant's predicate conviction, unless defendant testifies and the Court allows the government to impeach defendant using this felony conviction. *See* R. 135 at 11-16.

If they find that the defendant is guilty of underlying counts, in the second phase, the jury should be issued a special verdict form asking it to find, beyond a reasonable doubt: (1) that the defendant served more than 12 months in prison for the predicate conviction; and (2) that he was released from serving any term of imprisonment for that offense within 15 years of the commencement of the underlying drug-trafficking offenses (identified in a special verdict form by count number).

The defendant may of course waive a jury trial in the second phase, or stipulate to the facts of the predicate offense. The government will submit a proposed jury version of the indictment to the Court in advance of the pretrial conference, and will

---

[1] Defendant Santana likewise has an allegation of a previous serious drug offense in Count One of the indictment, namely a conviction for manufacture/delivery of cocaine in the Circuit Court of Cook County. Based on the Seventh Circuit's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), the government is no longer seeking to enhance Santana's mandatory minimum with this conviction, and will likewise remove that allegation from the jury version of the indictment.

2

prepare a waiver of a jury trial form for defendant's review, before trial commences, in the event he is convicted on the underlying counts.

For these reasons, the government respectfully requests that defendant's motion be denied as moot.

Dated: July 12, 2022					Respectfully submitted,

					JOHN R. LAUSCH, JR.
					United States Attorney

			By:	*Charles W. Mulaney*					
					CHARLES W. MULANEY
					KIRSTEN MORAN
					Assistant U.S. Attorneys
					219 South Dearborn Street, 5th Floor
					Chicago, Illinois 60604
					(312) 371-5903