# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 19-CR-850 |
| v. ) | Honorable Mary Rowland |
| ) | Presiding Judge |
| SHELDON MORALES ) | |

## DEFENDAN T SHELDON MORALES MOTION TO DISMISS

Now Comes the Defendant, SHELDON MORALES, by and through his attorney, JOSEPH R. LOPEZ, and pursuant to Rule 12 of Federal Rules of Procedure moves to Dismiss the Indictment and in support states as follows:

## I. BACKGROUND

Mr. Morales was the subject of an investigation which was initiated by DEA S/A Gomez. The codefendant, Santana was arrested by DEA as a result of the investigation by S/A Gomez. Mr. Santana was indicted and charged in the Northern District of Illinois in case 17 CR 760 entitled, *United States v. Santana.* Then, S/A Gomez was arrested and charged in the Southern District of New York in case 16 CR 387. S/A Gomez was assisting a drug trafficking organization as he pursued work as a federal law enforcement officer. As a result of Gomez's conviction, the case against codefendant Santana was dismissed. In this case, Gomez recruited CS1 to work in the investigation. CS1 was then deactivated (WIRES_002-00032). This same informant was used by Detective Geyer in the Applications for Interceptions.

In the Application for Intercept submitted to the court on February 13, 2019, Detective Geyer falsely stated that CS1 was not able to infiltrate the Morales DTO but

failed to inform the court that CS1 was deactivated and that was the reason CS1 could not infiltrate the DTO.

Detective Geyer used false information in the Application as follows

1. Mr. Morales birthdate was incorrect.

2. The statement that Mr. Morales resided at 3300 Davis, Evanston (WIRES_002-00028) was false.

3. The use of CS1 to establish the background for Morales was tainted (WIRES_002-00032)

4. The use of CS1 to provide control buys in 2018 was tainted. (02-00036-00038)

5. The statement Detective Geyer confirmed to the GJ that Sheldon Morales was associated with other addresses through other evidence, such as phone calls was also false(GJ 0000.

6. The statement by Detective Geyer confirmed to the GJ that Sheldon Morales was associated with other addresses through other evidence, such as phone calls was also false.(GJ 001-000071)

7. The statement Detective Geyer confirmed in the grand jury that Sheldon Morales directed his sister to track down a package is was also false. (GJ 001-000055). The phone call regarding this event is found in Government trial exhibits binder 312T. In this phone call, there is no mention of a package only a piece of paper that someone left with no mention of any package to trace.

8. The statement Detective Geyer confirmed to the grand jury that there was some confusion over the package being FedEx or UPS delivery was also false.

2

(GJ_01-000055-56). There was no confusion it was confirmed to be a FedEx delivery.

The inclusion of this information in the application is tainted by the facts noted above and the reckless omission of facts regarding the *Santana* investigation and Gomez prosecution. During the grand jury investigation, Detective Geyer testified to calls which occurred between February and September of 2019. (GJ 001-000072). This was untrue since the intercepts ended in April. Also, Detective Geyer, without a search warrant, searched the phone of Sheldon Morales and accessed its contents.

II. **Argument**

Detective Geyer acted on the information of a tainted and deactivated confidential source who had been recruited by the corrupted S/A Gomez. This resulted in the arrest of codefendant Santana whose case was later dismissed by the United States. In this case, Detective Geyer's use of distorted facts in reckless disregard for the truth should be examined as in *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Here, the use of tainted evidence to secure the Application for Intercept requires the court to dismiss the indictment or hold a *Franks* hearing.

Alternatively, the government should voluntarily withdraw the tainted indictment and seek a new one and present evidence, should it exist, to the grand jury apart from the perjured testimony. *United States v. Udziela*, 671 F.2d 995, 1001 (7th Cir. 1982).

Respectfully submitted,

*/s/Joseph R. Lopez*

Joseph R. Lopez
Attorney No. 6186562
53 W. Jackson Blvd., Suite 1651
Chicago, IL 60604
(312) 922-2001