have been tried and failed, or reasonably appear unlikely to succeed in achieving all of the objectives of this investigation, or are too dangerous to employ. These normal investigative techniques have not been able to establish the identities of all those participating in the illegal activity, nor does the use of all the investigative methods discussed allow law enforcement officers to obtain evidence concerning all those involved.

12. It is requested that the authorization allow interception of conversations in the event that **Target Phone 2** is used outside the jurisdiction of this Court and into other jurisdictions within the United States. All monitoring will occur within the Northern District of Illinois where communications will first be heard and will be performed either by federal agents, task force officers, deputized police officers, or employees operating under contract with the government, all of whom will be under the supervision of federal agents.

### III. PERSONS LIKELY TO BE INTERCEPTED

13. The following individuals are expected to be intercepted over **Target Phone 2**. The personal identifying information and the criminal histories of the **Interceptees**, which are based upon a review of NCIC records, other law enforcement databases, and surveillance, are as follows:

    a. SHELDON MORALES was born on November 27, 1981. He is believed to reside at 3300 Davis Street, Skokie, Illinois. S. MORALES' criminal history includes 27 arrests and six convictions, specifically the following convictions: (1) on December 13, 2003, S. MORALES was convicted and sentenced to 8 years'

7